IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| STEPHEN JOHN PARKER,<br><br>Plaintiff,<br><br>v.<br><br>CASCADE COUNTY, CASCADE COUNTY SHERIFF, and JILIAN DECELLES,<br><br>Defendants. | CV 24-8-GF-BMM<br><br><br><br>**ORDER** |

Plaintiff Stephen John Parker filed a Complaint related to his medical treatment at Cascade County Detention Center ("CCDC") in Great Falls, Montana (Doc. 2). The Court screened Parker's Complaint pursuant to its obligation under 28 U.S.C. § 1915 and § 1915A and concluded that it failed to state a claim. (Doc. 11.) Parker filed an Amended Complaint. (Doc. 16.) It, too, fails to state a claim and will be dismissed.

## I. SCREENING STANDARD

Parker is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis

1

and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Court's previous Order described the standards by which it screens a Complaint. (Doc. 11.)

## II.  AMENDED COMPLAINT

The Court will not repeat its full analysis from its prior Order. (Doc. 11.) Parker's Amended Complaint elaborates his original claims but fail to assert a claim for relief. (Doc. 16.) Parker's claim is still based in the actions of the detention facility nurse using insulin from another inmate's bottle in her tray to ensure Parker got his full dose. (Doc. 16 at 12.) Parker has added assertions about whether the nurse using someone else's insulin was a violation of state prescription medicine law or improper under nursing regulations. *Id.* Those contentions are not sufficient to state a claim for a constitutional violation regarding medical care. As the Court previously explained, Parker must plausibly allege that using another's insulin "put the plaintiff at substantial risk of suffering serious harm," and "caused the plaintiff's injuries." *Gordon v. County of Orange*, 888 F.3d 118, 1125 (9th Cir. 2018). Parker has not alleged these elements. A nurse using the same brand of insulin from another inmate's bottle, without ensuing injury, fails to state a 14th Amendment medical care claim.

Parker also elaborates his claims against the supervisory and County defendants. Parker makes no allegations that these individual's involvement led to the nurse's decision to use insulin from other bottles, or that there exists a policy to do so. Further, having concluded that the nurse's actions were not unconstitutional, any supervisory involvement or awareness of them could not be unconstitutional.

Finally, Parker elaborates his HIPAA allegations, including that staff revealed medical information to him about another inmate that Parker's blood sugar was worse than the other inmate's. (Doc. 16 at 12.) As stated in the Court's prior Order, HIPAA does not provide a private right of action. *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007). Parker fails to state a claim for relief.

## IV.  CONCLUSION

Despite having an opportunity to amend his deficient Complaint, Parker fails to state a claim for relief. His case will be dismissed.

Based upon the foregoing, the Court issues the following:

### ORDER

1. Parker's Amended Complaint is **DISMISSED**.

2. The Clerk of Court is directed to close this matter and enter judgment. The Clerk is directed to have the docket reflect that the filing of this matter counts as a strike against Parker within the meaning of 28 U.S.C. § 1915.

3. The Court certifies that any appeal of this Order would not be taken in good faith.

DATED this 30th day of April, 2024.

_____
Brian Morris, Chief District Judge
United States District Court